## PRICE v HERBERT et

Ohio Appeals, 5th Dist, Delaware Co

Decided December, 1937

## OPINION

By LEMERT, J.

There is but one question raised in this case, and that is, that the judgment of the court below is contrary to law.

Briefly, the facts may be stated as follows: The facts in this case are not in dispute and the case can be decided upon the pleadings and the agreed statement of facts to be found in the transcript. The agreed statement of facts was supplemented by some testimony, which is found in the bill of exceptions; but even in this there is practically no dispute.

Briefly stated, Thomas R. Price died testate March 26, 1936, leaving Molly E. Price his widow and the plaintiff, his sister, his only heirs-at-law. His will was probated on the 10th day of April, 1936. It provided that after the payment of debts and a bequest to his sister his real and personal property were to go to his wife for life with power to dispose of any part of the same necessary for her comfort and support. After the death of his wife, all of his estate was to go to his sister, Mary Price, absolutely.

Thomas and Molly Price had lived together as husband and wife since February 24, 1904. Molly Price died on the 6th day of April, 1936, four days before the probate of the will of Thomas R. Price, leaving her property to certain nephews and nieces, appellants herein.

On the day of the funeral of Thomas R. Price his widow, Molly Price, was in bed, stricken with an illness which became gradually worse and from which she died on the 6th day of April, 1936. The will of Thomas R. Price not having been probated prior to the death of Molly Price, she did not elect to take under the will or the statute of descent and distribution.

On this state of facts an action in partition was brought by appellee in respect to certain real estate owned jointly by Thomas Price and Molly Price during their lifetime. Appellants filed a cross-petition, asking the court to declare their interests, if any, in the real estate of which Thomas R. Price died seized, and asking the court to make an election on behalf of Molly Price in respect to the will of Thomas R. Price and to declare what interests, if any the administrator with the will annexed of the estate of Molly Price had in the personal property belonging to the estate of Thomas R. Price after the payment of debts and costs of administration. W. B. Herbert, as administrator with the will an-

nexed of the estate of Molly E. Price, filed a separate answer, in which he joined in the prayer of the other appellants for a declaration of the trial court as to the matters above mentioned.

Upon the issues thus made the court below held that Molly E. Price was conclusively presumed to have elected to take under the will of Thomas R. Price; that appellants were bound thereby; and that they had no interest or claim upon any of the real estate of which Thomas R. Price died seized; and the court ordered partition, as prayed for in the petition.

We are only concerned in the review of this case with the correctness of the decision of the lower court in respect to the matter of election. It is the contention of the appellant that §10504-60 GC, on which the decision of the court below was based, is not applicable to a case having the facts here under consideration: Secondly, that the court erred in not declaring, as prayed for in the cross-petition, as to the rights of the administrator with the will annexed of the estate of Molly E. Price in the personal property belonging to or claimed by the estate of Thomas R. Price.

For a proper construction of §10504-60 GC we believe that an examination of the statutes preceding the present section will be helpful, because they seem to reveal a very clear purpose on the part of the Legislature in the enactment of the present section.

Former §10571, GC, provides as follows:

"If the widow or widower fails to make such election, in person, as provided in §10570, GC or by written instrument as provided herein. within the time limit provided by §§10567 and 10568 GC or within the time limit provided in this section, then it shall be deemed that she or he has elected to take under the will and she or he shall be bound accordingly, and persons may deal with the property of the decedent in accordance therewith."

The above section, appearing in Vol. 111, p. 510, of the Ohio Laws, was replaced on January 1, 1932, by §10504-60 GC, 114 Ohio Laws, p. 320; which reads as follows:

"Failure to make election; presumption— If the surviving spouse fails to make such election in person or by written instrument within the time limit provided by law, such spouse shall be conclusively presumed to have elected to take under the will and shall be bound accordingly, and persons may deal with the property of the decedent

in accordance therewith. If the surviving spouse dies within the time limit for election without having elected, then such spouse, whether or not a citation has been issued, shall be presumed conclusively to elect to take under the statute of descent and distribution."

It will be noted in both the above sections of the Code it is provided that if the surviving spouse dies within the time limit for election, without having elected, then such spouse should take as prescribed by statute. Under former §10571 GC the surviving spouse was deemed to have elected to take under the will, but under §10504-60 GC the surviving spouse was conclusively presumed to elect to take under the law. Such decisions as we have in Ohio under the proposition of election were under these particular sections of the statute. The latter section of the Code, §10504-60 GC, was amended 116 Ohio Laws, p. 390, effective September 2, 1935, to read as follows:

"Failure to Make Election; Presumption. If the surviving spouse fails to make such election in person or by written instrument, or dies, at any time before the expiration of the time limit provided by law, without having made such election, such spouse shall be conclusively presumed to have elected to take under the will, and such spouse who fails to elect and the heirs, devisees and legatees of such spouse who dies without having elected, and those claiming through or under them, shall be bound accordingly and persons may deal with the property of the decedent in accordance therewith."

We note from a reading of the above statute that there was a purposeful change in this amended section and particularly in the emphasized portion of the above statute. Former §10570 GC provided that if the widow failed to make an election within the time limit prescribed by law, she should be deemed to have elected as in said section provided. The amendment in 1932 provided, further, that if she fail or die within the time limit for election without having elected then she would be presumed conclusively to have elected as in that section provided, but the present Code, which became effective September 2, 1935, provided, that if the surviving spouse fails to make such election or dies at any time before the expiration of the time limit provided by law without having elected the

spouse would have been conclusively presumed to have taken under the will.

It therefore follows that a court in construing the above sections must give some meaning to these changes. Under the first two sections there is a specific limitation upon the failure to elect or death within the time limit such spouse could elect, but under the present section of the code death at any time before the time limit of election makes it that the spouse is conclusively presumed to have taken under the will.

Under the law as it existed prior to the enactment of the present statute the decisions seem to be uniform in cases like the one before the court that the surviving spouse took that portion of the estate which the statute provided under the sections of the Code as above cited. The leading case in Ohio on that subject is the case of **Miller v Miller, 129 Oh St 231**, wherein the court held:

"Where a husband dies testate without issue but leaving a widow, and the widow dies within five days thereafter without having made an election to take under the will or under the law, it is conclusively presumed under the provisions of §10504-60 GC that the widow elected to take under the law."

In syllabus 1 of the case of Miller v Miller, the Supreme Court of Ohio said:
"When a surviving spouse dies within the time limit for election to take under his or her deceased consort's will or under the statute of descent and distribution, without having made any election whatsoever, the conclusive presumption in §10504-60 GC is equivalent to an actual election to take under the statute of descent and distribution."

Without quoting at great length the facts in the Miller case, suffice it to say that the facts of that case are almost identical with the instant case.

In reference to the contention made to that portion of the cross-petition asking the court to declare what interest, if any, the administrator with will annexed of the estate of Molly E. Price had in the personal property belonging to the estate of Thomas R. Price, the court found it had no jurisdiction and made no finding in respect thereto.

The principal question there was in reference to the exemption and year's support in view of the provisions in the will of

Thomas R. Price that the provisions in favor of Molly E. Price were in lieu of dower in the real estate and of her year's support and other statutory rights.

We note that the inventory and appraisement was filed in the Probate Court in April, 1936. Therein an exemption of $2500 under the provisions of §10509-54 GC appears and a widow's year's support of $500, allowed by the appraisers. Subsequently thereto the administratrix of Thomas R. Price's estate filed in the Probate Court a motion to amend and correct the inventory and appraisement by disallowing and striking therefrom the exemption and the year's support. There has been no hearing on the approval of the inventory and appraisement and the matter of the exemption and year's allowance were before the Probate Court prior to the filing of this action.

We are therefore of the opinion that the court below was right in declaring that it had no jurisdiction in this matter and in declining to pass on these questions.

It therefore follows that we find no error in this record and the finding and judgment of the Court of Common Pleas will be and hereby is affirmed. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.